[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff seeks to recover for personal injuries she received as a result of a fall on May 29, 1993 at the defendant's super-store at Trolley Square in East Haven.
The defendant does not dispute the fact that the plaintiff fell but argues lack of notice as well as contributory negligence on the part of the plaintiff.
The plaintiff testified that she was near the rear of the store where the meat and poultry counter runs along the rear of the area set aside for the retail sales area. Her feet came out from underneath her and she found herself on the floor nine or ten feet away. She was bruised and shaken when two male shoppers helped her to a chair nearby. She noted that near where she had been before the fall, water an inch or an inch and a half deep, was welling about a floor drain. She sat where she had been placed for an hour, dizzy and hurt. The water she described was clear and the floor area was very clean.
 I
The only testimony on the issue of notice was that of the plaintiff. Counsel also stipulated that the "Report of Incident or Injury" (Exhibit A), prepared by the defendant's manager concerning this accident, would be submitted as evidence. This report is significant in several respects. First, it indicates that the "incident location" was cleaned at 10 p. m. It also states that the area was clean but not dry at 11:25 p. m., after the accident. The report also contains this statement: "Drain in floor back up at CT Page 4430 11:20, when I went to get cones she fell in water."
This drain was in front of the meat case. The manager who wrote the report had discovered the accumulation of water before the plaintiff fell. Instead of safe-guarding the area, he chose to leave to get the cones. He could easily have remained at the site, warned customers and spoken to a clerk at the nearby meat counter to obtain cones.
When summoned to the scene after the plaintiff fell, the manager was heard by the plaintiff to address other employees. The plaintiff testified that "He called some of the stock clerks . . . asked them why there weren't caution signs there and instructed them to put them . . ." and asked why they hadn't been placed earlier. This suggested that the manager, if he did go to get cones, leaving the area unattended, did not see to the placement of cones or signs.
In addition the fact that the water was clear and the floor very clean is consistent with the report data that the cleaning at 10 p. m. was the source of the water.
It is therefore the conclusion of the court that the defendant had actual notice of the dangerous condition and did not take appropriate steps to warn business invitees nor to protect them from the dangerous condition.
As for contributory negligence, this type of hazard is particularly difficult for one to discern. Nor is it the kind of hazard one expects to encounter while shopping, where one proceeds from aisle to aisle and is concentrating on merchandise, signs, displays and other shoppers. The court does not find contributory negligence on the part of the plaintiff.
 II
The second count of the complaint having been withdrawn before trial, the court will deal solely with the first count.
 III
Evaluating the plaintiff's injuries and determining fair and reasonable compensation is rendered difficult by virtue of the state of the plaintiff's proof in this area. CT Page 4431
The plaintiff's major complaints centered upon pain in her right knee accompanied by occasional buckling. A Baker's cyst was also noted but not identified as caused by the fall at the defendant's store.
The treating orthopedist found no evidence of knee damage and ordered an MRI. The report of that procedure ruled out a tear of either meniscus. The doctor who conducted that test found an internal problem which has not been related to this accident.
Subsequently, the plaintiff sought a second opinion from another orthopedist. The defendant has objected to admission of this report and accompanying bills. It is unsigned and was not disclosed until three days before trial. The court must conclude it is inadmissible. It should be noted that even if it were admitted, it does not contain a statement that the condition treated was proximately caused by the May 1993 episode. (Counsel agreed to the report being marked, but with the court free to disregard it if it were determined to be inadmissible after hearing how it evolved).
The plaintiff does not claim a loss of earnings or permanent disability, but did suffer contusions with pain in both knees as well as a blow to the head and torso. Though her numerous activities had to be curtailed and she was unable to return to college classes, the report in evidence does not clearly attribute these problems to the fall.
Slightly over $1500 in medical bills was incurred by the plaintiff up to the time she went to the second orthopedist. Having excluded his report and bills, recovery must be limited to the above amount only. The court finds an award in the amount of $8000 would represent fair and reasonable compensation for the fall and accompanying consequences.
Anthony V. DeMayo Judge Trial Referee